UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW KROLL, | ) | |
| | ) | |
| Plaintiff, | ) | 13 C 8651 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| CEVA FREIGHT, LLC, CEVA GROUND U.S., L.P., and CEVA LOGISTICS, U.S., INC., | ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Andrew Kroll brought this personal injury suit against three defendants—Ceva Freight, LLC, Ceva Ground U.S., LLC, and Ceva Logistics, U.S., Inc.—in the Circuit Court of Cook County, Illinois. Doc. 1-1. One of the defendants, Ceva Logistics, removed the case to this court. Doc. 1. Five days later, the court ordered Ceva Logistics to show cause why the case should not be remanded to state court. Doc. 6.

The order to show cause observed that although the notice of removal invoked diversity jurisdiction, 28 U.S.C. § 1332(a), it (1) did not allege the citizenship of Kroll and (2) neither alleged the citizenship of Ceva Freight and Ceva Ground nor explained why their citizenship was immaterial (for example, if those defendants had been fraudulently joined). *Ibid*. The court stated that Ceva Logistics could discharge the order to show cause by filing a Jurisdictional Addendum that remedied the flaws in the notice of removal's jurisdictional allegations. *Ibid*. Because Ceva Freight is a limited liability company ("LLC") and Ceva Ground is a limited partnership ("LP"), and because litigants invoking diversity jurisdiction often stumble over the citizenship of LLCs and LPs, the order cautioned that Ceva Logistics "should take note that the citizenship of an LLC is determined by the citizenship of its members and the citizenship of an

1

LP is determined by the citizenship of its partners." *Ibid*. The order concluded: "If no Jurisdictional Addendum is filed by 12/23/2013, this case will be remanded forthwith to the Circuit Court of Cook County, Illinois." *Ibid*. Ceva Logstics timely filed a Jurisdictional Addendum, Doc. 7, but it fails to cure any of the jurisdictional defects in the notice of removal.

First, the Jurisdictional Addendum alleges that "upon information and belief, the plaintiff Andrew Kroll is a *resident* of Crescent City, Illinois, which is located in Iroquois County, Illinois." *Id*. at ¶ 4 (emphasis added). Long-settled precedent holds that for purposes of diversity jurisdiction, "[a]n allegation of residence is not sufficient to establish citizenship, which requires domicile." *Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 867 (7th Cir. 2012); *see also*, *e.g.*, *Parker v. Overman*, 59 U.S. 137, 141 (1855); *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012); *Germaine v. St. Germain*, 435 F. App'x 530, 533 (7th Cir. 2011); *Hunter v. Amin*, 583 F.3d 486, 491 (7th Cir. 2009); *Adams v. Catrambone*, 359 F.3d 858, 861 n.3 (7th Cir. 2004); *Guar. Nat'l Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996); *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); *Thomas v. Nat'l Bank of D.O. Mills*, 106 F. 438, 438 (7th Cir. 1901). Accordingly, the Jurisdictional Addendum does not properly allege Kroll's citizenship.

Second, the Jurisdictional Addendum alleges that Ceva Freight "is a Texas limited liability company with its principal place of business in Houston, Texas." Doc. 7 at ¶ 6. This allegation is insufficient as well. Long-settled precedent holds that the citizenship of an LLC, unlike the citizenship of a corporation, *see* 28 U.S.C. § 1332(c)(1), is not the State under whose laws the LLC is organized and the State where the LLC's principal place of business is located. Rather, an LLC is a citizen of every State of which any of the LLC's members is a citizen. *See*,

2

*e.g.*, *IP of A West 86th Street 1, LLC v. Morgan Stanley Mortg. Capital Holdings, LLC*, 686 F.3d 361, 363 (7th Cir. 2012); *Copeland v. Penske Logistics LLC*, 675 F.3d 1040, 1043 (7th Cir. 2012); *Muscarello v. Ogle Cnty. Bd. of Comm'rs*, 610 F.3d 416, 424 (7th Cir. 2010); *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009); *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007); *Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir. 2006); *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007); *Commonwealth Ins. Co. v. Titan Tire Corp.*, 398 F.3d 879, 881 n.1 (7th Cir. 2004); *Belleville Catering Co. v. Champaign Market Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). As noted above, litigants often forget this aspect of diversity jurisdiction, and that is why the order to show cause expressly brought the point to Ceva Logistics's attention. The Jurisdictional Addendum still missed the point.

Third, the Jurisdictional Addendum alleges that Ceva Ground "is a Texas limited partnership with its principal place of business in Houston, Texas." Doc. 7 at ¶ 7. This allegation also is insufficient. Long-settled precedent holds that the citizenship of an LP, unlike the citizenship of a corporation and like the citizenship of an LLC, is not the State under whose laws the LP is organized and the State where the LP's principal place of business is located. Rather, an LP is a citizen of every State of which any of the LP's partners (general or limited) is a citizen. *See*, *e.g.*, *Carmen v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *Smart v. Local 702 IBEW*, 562 F.3d 798, 803 (7th Cir. 2009); *Hart v. Terminex Int'l*, 336 F.3d 541, 544 (7th Cir. 2003); *Cosgrove*, 150 F.3d at 731; *Guar. Nat'l Title Co.*, 101 F.3d at 59; *Am.'s Best Inns*, 980 F.2d at 1073. Again, the order to show cause brought this point to Ceva Logistics's attention, and again Ceva Logistics missed the point in its Jurisdictional Addendum.

The sole wrinkle here is that the Jurisdictional Addendum alleges that Ceva Logistics is "the parent company" of Ceva Freight and Ceva Ground. Doc. 7 at ¶ 5. By this, Ceva Logistics probably means to say that it is a partner of Ceva Ground and a member of Ceva Freight. Ceva Logistics is alleged to be a Delaware corporation with its principal place of business in Texas, *ibid*., making it a citizen of Delaware and Texas. See 28 U.S.C. § 1332(c)(1). So if the Jurisdictional Addendum also alleged that Ceva Logistics were Ceva Ground's *sole* partner (assuming it is possible under Texas law for an LP to have only one partner) and Ceva Freight's *sole* member, then those two entities would be citizens of Delaware and Texas as well. But the Jurisdictional Addendum makes no such allegation, leaving it completely unclear whether Ceva Ground has other partners and whether Ceva Freight has other members, and thus whether those two entities are citizens of any States other than Delaware and Texas. See *Thomas*, 487 F.3d at 534 (to establish the citizenship of an LLC, a litigant must identify each of the LLC's members and the citizenship of each member); *Karazanos v. Madison Two Assocs.*, 147 F.3d 624, 625 (7th Cir. 1998) ("as is required, the notice [of removal] furnished the names and citizenships of every partner in every partnership involved in the case"); *Guar. Nat'l Title Co.*, 101 F.3d at 59 ("To determine the citizenship of [an LP], we need to know the name and citizenship(s) of its general and limited partners.").

Ceva Logistics has had two opportunities to properly allege diversity jurisdiction—in its notice of removal, and then in its Jurisdictional Addendum—and it will not be given a third. In *Guaranty National Title Co.*, the parties failed in the jurisdictional statements of their appellate briefs, and then again in supplemental jurisdictional statements requested by the Seventh Circuit after the flaws in the parties' jurisdictional statements were brought to their attention, to establish that the case was within the diversity jurisdiction. 101 F.3d at 58-59. This repeated failure led

4

the Seventh Circuit to state: "There are two options: to dismiss immediately for lack of jurisdiction, and to call for yet another round of jurisdictional filings." *Id*. at 59. The Seventh Circuit chose the first option, reasoning as follows:

> These lawyers knew what they had to do, and they did not do it. Failure in one round of supplemental filings leads us to doubt that a second would be any more successful. Anyway, it is not the court's obligation to lead counsel through a jurisdictional paint-by-numbers scheme. Litigants who call on the resources of a federal court must establish that the tribunal has jurisdiction, and when after multiple opportunities they do not demonstrate that jurisdiction is present, the appropriate response is clear.

*Ibid.*; *see also Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 319-21 (7th Cir. 2002) (ordering the case dismissed for want of subject matter jurisdiction under similar circumstances); *Union Oil of Cal. v. John Brown E&C*, 121 F.3d 305, 312 (7th Cir. 1997) (same). Here, after Ceva Logistics's notice of removal invoked diversity jurisdiction but inexplicably failed to even *attempt* to allege the citizenship of three of the four parties, the court *did* lead Ceva Logistics "through a jurisdictional paint-by-numbers scheme"—at least with respect to the LLC and the LP, as jurisdictional missteps regarding the citizenship of individuals are rare—and Ceva Logistics *still* failed to establish the requisites of federal jurisdiction. Under these circumstances, the appropriate disposition is to remand the case to state court.

January 6, 2014

_____
United States District Judge

5